UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAWUD PEARSON,<br><br>Plaintiff,<br><br>v.<br><br>ALLY FINANCIAL INC.,<br><br>Defendant. | Civil Action No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**NOW COMES,** Plaintiff DAWUD PEARSON, ("Plaintiff"), by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and files this *COMPLAINT* against Defendant ALLY FINANCIAL INC., ("Defendant"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

**PARTIES AND SERVICE**

1. Plaintiff is a natural person residing in Tarrant County, Texas.

2. At all times material hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. § 1681a(c).

3. Defendant Ally Financial Inc., is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b).

4. Defendant is a furnisher of consumer credit information to consumer reporting agencies and can be served by delivering a summons upon CT Corporation System, its registered agent for service of process at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

5. As used herein, "consumer reporting agency," or "CRA," any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

## JURISDICTION AND VENUE

6. Plaintiff brings this action under §1681 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Credit Reporting Act ("FCRA") for actual and statutory damages, costs, and reasonable attorney's fees against the Defendant.

7. This Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681(p).

8. Venue in this District is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

9. Venue is further proper in this District because Plaintiff resides in this district.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

11. On or about September 23, 2020, Plaintiff was conditionally approved for a mortgage of $700,000 at a qualifying interest rate of 5.75% and for a 360 month term.

See a true and correct copy of the Conditional Approval Letter attached hereto as <u>Exhibit A</u>.

12. On or around February 2021, Plaintiff paid off his car loan with Ally Financial ("Car Loan").

13. On or around March 2021, Plaintiff noticed his account had not been reported as paid in full and closed.

14. The account was still showing a payment due for March.

15. Plaintiff informed Defendant of this mistake over the phone.

16. Although no more payments were due, Plaintiff sent a check ("March Car Payment") to the Defendant for the amount showing as due to avoid any possibility of payment being marked as 30 days late in March 2021.

17. Ally Financial returned Plaintiff's March Car Payment with a refund check without any explanation. See a true copy of the refund check attached as <u>Exhibit B</u>.

18. On or about June 2, 2021, Defendant Ally Financial sent a letter to Plaintiff stating the lien held by Ally Financial has been **paid and released** on March 22, 2021. See letter attached as <u>Exhibit C</u>.

19. On or around May 2021, Plaintiff noticed that inaccurate information was being reported by Defendant on his credit reports with Experian, TransUnion and Equifax.

20. Defendant was reporting an account balance of $33,784 to Experian, Equifax, and TransUnion for the Car Loan that had already been paid in full on March 22, 2021. See Copy of credit reports for TransUnion and Equifax provided by Credit Karma attached as <u>Exhibit D</u> and <u>E</u>. See Page 3 of <u>Exhibit F</u> for copy of Experian's credit report.

21. Plaintiff has never been late on a payment on the Car Loan.

22. Defendant furnished the Car Loan's Account status as past due to Experian, Equifax and TransUnion.

23. Defendant furnished to Experian and Equifax inaccurate payment history for the Car Loan for March 2021 as 30 days late.

24. Plaintiff disputed the Car Loan balance and payment history directly to Defendant over the phone several times.

25. Defendant acknowledged the Car Loan was paid off over the phone.

26. However, Defendant denied Plaintiff's disputes and would not update the Car Loan.

27. On or around May 2021, Plaintiff disputed the Car Loan's balance and 30 day late payment status with Experian.

28. Upon information and belief, Experian forwarded Plaintiff's dispute to Defendant.

29. After receiving the Plaintiff's dispute from Experian, Defendant failed to conduct a reasonable investigation and verified the Car Loan as accurate to Experian. See attached Exhibit F, a true and correct copy of dispute results from Experian.

30. On or about May 24, 2021, Experian verified the Car Loan as accurate. See Exhibit F.

31. The Car Loan should have been a zero-balance account and not past due.

32. It is alleged that Experian did forward some notice of the dispute to Ally Financial, and Ally Financial failed to conduct a lawful investigation.

33. Experian continues to report the Car Loan listed by Defendant Ally Financial as 30 days late in February 2021. See attached copy of credit report generated on or about August 16, 2021, attached as Exhibit G.

34. Defendant falsely represented the balance and payment history of the Car Loan to Plaintiff, Experian, TransUnion, Equifax, and to all parties who accessed Plaintiff's credit reports.

35. Upon receipt of the dispute of the account from the Plaintiff, Defendant failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer reports with respect to the status, payment history, and balance of the Car Loan.

36. On or about June 3, 2021, Southwest Funding LP (hereinafter referred to as "Southwest") denied Plaintiff's mortgage. See true and correct copy of Notice of Action taken attached as Exhibit H.

37. Southwest informed Plaintiff the credit decision was based on Plaintiff's delinquency on the Car Loan. See Exhibit H.

38. As of the date of the filing of this Complaint, Defendant continues to furnish inaccurate and materially misleading information to the credit reporting agencies pertaining to the Car Loan.

39. Defendant's erroneous reporting continues to affect Plaintiff's creditworthiness and ability to obtain home financing. Essentially Defendant is preventing Plaintiff from owning a home.

40. As a result of Defendant's conduct, Plaintiff has suffered mental anguish,

frustration, credit denial, informational injury, and inability to obtain real estate financing and preventing Plaintiff from home ownership.

## CAUSE OF ACTION
(Violation of the FCRA 15 U.S.C. § 1681 *et seq.*)

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

42. Defendant furnished credit data pertaining to the Car Loan to Experian, Equifax, and TransUnion.

43. As a furnisher, Defendant is required to participate in reinvestigations conducted by the CRA's such as Experian, Equifax, and TransUnion.

44. When a consumer disputes the accuracy of information reported by a credit reporting agency, an investigation is triggered.

45. Defendant Ally Financial violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of its investigations, and/or failing to appropriately correct the erroneous information.

46. Defendant further violated 15 U.S.C. § 1681s-2(b) by continuing to report the report false, inaccurate, derogatory information on Plaintiff's credit files after failing to conduct a reasonable reinvestigation.

47. Defendant continues to furnish inaccurate and derogatory information and has allowed the dissemination of this false data to third parties.

48. Defendant failed to lawfully correct its own internal records to prevent incorrect re- reporting of incorrect information to the consumer reporting agencies.

49. Defendant is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

50. Specifically, Defendant falsely reported the Car Loan as 30 days past due with a $33,784 balance on Plaintiff's credit reports when it was paid in full and was not past due or late.

51. Defendant then refused to correct the balance, status, and payment history of the Car Loan after Plaintiff disputed the information with the credit reporting agencies. Instead, Defendant verified the Car Loan as accurate, and continues to report false and misleading credit information about the Plaintiff to the credit reporting agencies.

52. As a result of Defendant's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in his attempt to obtain a mortgage, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, mental suffering, emotional pain, anguish, humiliation, and embarrassment of credit denials.

53. If Defendant's conduct, action, and inaction were deemed to be willful, Defendant is liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

54. In the alternative, if Defendant is held to be negligent, Plaintiff would be entitled to recover actual damages under 15 U.S.C. § 1681o.

55. Plaintiff is entitled to recover reasonable costs and reasonable attorney's fees

from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR TRIAL BY JURY

56. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in favor of the Plaintiff and against Defendant as follows:

1. For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;
2. For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);
3. For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);
4. For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);
5. For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);
6. For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C.§ 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);
7. For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

DATED: September 3, 2021                            Respectfully Submitted,

                                    **JAFFER & ASSOCIATES PLLC**
                                    */s/ Allen Robertson*
                                    **Allen Robertson**
                                    Texas Bar No. 24076655

**Shawn Jaffer**
Texas Bar No. 24107817
**Stanley Wu**
Texas Bar No. 24120674
**Robert Leach**
Texas Bar No. 24103582
8111 Lyndon B Johnson Fwy, Suite 350 Dallas, Texas 75251
Phone: (214) 494-1871
Fax: (888) 509- 3910
E-mail: attorneys@jaffer.law

*Attorneys for Plaintiff*